UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SONU SONU,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-08208-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Sonu Sonu filed a petition for writ of habeas corpus alleging that his re-detention by ICE violated his Fifth Amendment right to due process. *See* ECF No. 1 ¶¶ 35–38. The Court issued an order to show cause directing Respondent to address whether any provision of law or fact would distinguish this petition from prior cases where this Court granted the petition and ordered release. *See* ECF No. 4 (citing *Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274-NW, 2026 WL 2339411 (E.D. Cal. Aug. 12, 2026); *Kumar v. Becerra*, No. 1:26-CV-05926-NW, 2026 WL 2260112 (E.D. Cal. Aug. 4, 2026)). For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

## I. BACKGROUND

The facts alleged in the petition are as follows. Petitioner is a citizen of India who entered the United States in 2023 after crossing the Lukeville, Arizona border. ECF No. 1 ¶ 19; ECF No. 5-1 at 3. He was briefly detained by U.S. Customs and Border Patrol and then released. *See* ECF No. 1 ¶ 20. Either during or shortly following his release from custody, he was served with a Notice to Appear charging Petitioner as inadmissible and placing him in removal proceedings. *See* ECF No. 5-1 at 6. His removal proceedings remain ongoing.

Petitioner claims to have complied with all the conditions of his release and has no criminal history. ECF No. 1 ¶ 21. However, in response to this petition, Respondents argue that Petitioner has sustained four "reporting violations[.]" *See* ECF No. 5-1 at 2. They have not

United States District Court
Eastern District of California

United States District Court
Eastern District of California

provided records indicating what those reporting violations were. Petitioner was arrested by ICE when attending an ICE check-in in early October 2026. ECF No. 1 ¶ 21. He was not provided with prior notice of the decision to revoke his parole, or an opportunity to challenge the revocation. *Id.* ¶¶ 22–24.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

In response to the Court's order to show cause, Respondents argue that this case is distinguishable from prior orders because Petitioner's detention is lawful under 8 U.S.C. § 1226(a), and he should be required to request a bond hearing in immigration court before seeking relief through habeas. ECF No. 5 at 2–3. These arguments lack merit.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*,

United States District Court
Eastern District of California

488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Assuming that the *Puga* factors favor exhaustion, waiver is appropriate. Petitioner has brought a constitutional challenge to his detention based on revocation of his parole. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). Therefore, the Court may consider Petitioner's constitutional challenge to his re-detention.

**B. Due Process**

Noncitizens released from immigration custody to await the outcome of their removal proceedings acquire a liberty interest in their continued freedom. *See, e.g.*, *Labrador-Prato v. Noem*, No. 1:25-CV-1598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Therefore, Petitioner retains a protected liberty interest to remain free from custody during the pendency of his removal proceedings.

For the reasons identified in *Avila* and *Kumar* applying the *Mathews v. Eldridge,* 424 U.S. 319 (1976) framework, Petitioner is entitled to a hearing at which the Government must justify the basis for revocation of his prior release. *Avila*, 2026 WL 2339411, at *1 (E.D. Cal. Aug. 12, 2026); *Kumar*, 2026 WL 2260112, at *1. Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation without any hearing is considerable, and Respondents' interest in detaining Petitioner without any process is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents argue that revocation of Petitioner's parole was justified due to his alleged reporting violations. ECF No. 5 at 2. Courts, including this one, have found that "there may be

situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025). One such situation is where "providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight." *Id.* at *12.

Here, pre-deprivation process was required. First, Respondents have not argued that pre-deprivation process would have been impractical or motivated flight. Second, the record does not support such a finding. Petitioner was arrested while attending a scheduled ICE check-in, demonstrating a willingness to abide by his reporting obligations, rather than a risk of flight. There is no reason then why notice and an opportunity to contest his re-detention could not have been provided before Petitioner's arrest.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. The Federal Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 29, 2026



Noël Wise
United States District Judge